**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

MICHAEL H. GLENN,                           :    Case No. 1:22-cv-202
                                            :
      Plaintiff,                          :
                                            :
vs.                                         :    District Judge Matthew W. McFarland
                                            :    Magistrate Judge Karen L. Litkovitz
C/O BASHAM, et al.,                         :
                                            :    **ORDER AND REPORT**
      Defendants.                         :    **AND RECOMMENDATION**
                                            :

      Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se

civil rights complaint pursuant to 42 U.S.C. § 1983. By separate Order, plaintiff has been granted

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court

for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of

it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief. *See*

Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. §

1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

      Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower

judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B.  Allegations in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against SOCF defendants C/O Basham, C/O McCoy, and Warden Erdos.  (*See* Doc. 1-1, Complaint at PageID 11).

In the complaint, plaintiff alleges that on March 9, 2022, he ended a term of mental health observation initiated after plaintiff attempted to hang himself.  (*Id.* at PageID 12).  Plaintiff claims that he requested clothing from both Basham and McCoy.  According to plaintiff, Basham told him, "No, I'll give you clothes when I dress you out tomorrow."  (*Id.*).  Plaintiff further alleges

that Basham called him several derogatory names and said plaintiff was lucky Basham was not working at the time of the suicide attempt, stating "he would have made sure [plaintiff] was dead." (*Id.*).

Plaintiff indicates that Basham's comments angered him, so plaintiff "kept flushing [his] toilet until it overflowed." (*Id.*). According to plaintiff, Basham responded by opening the cell's handcuff port, spraying an entire can of OC spray in plaintiff's face, and turning off his water. Plaintiff further alleges that Basham subsequently opened the handcuff port a second time and sprayed plaintiff in the genitals with his partner's OC spray. Plaintiff alleges that the incident resulted in "the worst pain I have ever felt in my entire life." (*Id.*).

Plaintiff requests injunctive relief and money damages. (*See id.* at PageID 13).

### C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's pro se complaint liberally, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claim against defendant C/O Basham. Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As noted above, plaintiff brings this complaint against defendants Basham, McCoy, and Erdos. However, the complaint includes no factual allegations against defendant Erdos. To the extent that plaintiff seeks to hold Erdos liable based on his supervisory position, his claims rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).

Plaintiff's only allegation against defendant McCoy is that plaintiff asked him for clothing. Plaintiff does not allege that McCoy responded to or denied his request or that McCoy participated

in the subsequent incident with defendant Basham. Plaintiff otherwise fails to allege any fact to suggest that McCoy violated his constitutional rights. To the extent that plaintiff seeks to hold McCoy or Basham liable for denying him clothing for a twenty-four hour period, plaintiff's allegations do not rise to the level of an Eighth Amendment violation. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (holding that establishing an Eighth Amendment violation based on the conditions of confinement requires a showing that the conditions resulted in "extreme deprivations" of basic necessities). *See also Trujillo v. Sherman*, No. 1:16-cv-1277, 2017 WL 1549937, at *4 (E.D. Cal. May 1, 2017) (finding that a 24-hour deprivation of clothing "does not amount to an objectively extreme deprivation to state a cognizable claim under the Eighth Amendment"); *Sublett v. White*, No. 5:12-cv-P180, 2013 WL 2303249, at *1 (W.D. Ky. May 24, 2013) (collecting cases) ("Depriving an inmate of sheets, clothing, and toilet paper for a forty-eight hour period does not rise to the level of an Eighth Amendment violation.").

Finally, to the extent that plaintiff may seek to hold defendant Basham liable for the use of threats, racial slurs, or other insults he has failed to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL

3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Accordingly, in sum, plaintiff may proceed in this action with his Eighth Amendment excessive force claim against defendant Basham. Having found that the remaining claims raised in the complaint fail to state a claim upon which relief may be granted, these claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's Eighth Amendment excessive force claim against defendant C/O Basham.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant C/O Basham, with costs of service to be advanced by the United States.

2.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:  4/12/2022

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

MICHAEL H. GLENN,                    :    Case No. 1:22-cv-202
                                     :
        Plaintiff,                   :
                                     :
                                     :    District Judge Matthew W. McFarland
vs.                                  :    Magistrate Judge Karen L. Litkovitz
                                     :
C/O BASHAM, et al.,                  :
                                     :
        Defendants.                  :
                                     :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).