UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL H. GLENN,            Case No. 1:22-cv-202
    Plaintiff,                                 McFarland, J.
                                                     Litkovitz, M.J.
    vs.

C/O BASHAM, et al.,                **ORDER AND REPORT AND**
    Defendants.                          **RECOMMENDATION**

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendant Southern Ohio Correctional Facility ("SOCF") Correctional Officer Tim Basham ("Basham" or "defendant") used excessive force against him in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 5). This matter is before the Court on plaintiff's motion for various forms of relief (Doc. 9), plaintiff's motion to waive and set aside Court costs and filing fees (Doc. 10), plaintiff's motion for the appointment of counsel (Doc. 11), plaintiff's motion to transfer (Doc. 20), defendant's response in opposition to plaintiff's motion to transfer (Doc. 21), and plaintiff's reply memoranda (Docs. 22, 23).

**I. Plaintiff's motion to transfer (Doc. 20)**

Plaintiff's motion alleges that since the filing of this lawsuit, plaintiff has experienced serious retaliation and threats. (Doc. 20). Plaintiff requests a "transfer out of this prison" because the "retaliation is getting out of line. I can't take much more." Plaintiff alleges that prison staff are not helping plaintiff manage his mental health conditions, such as giving him his seizure medication. (*Id.*). Plaintiff further alleges that since the filing of his lawsuit, he has made "numerous attempts to seek help from mental health at SOCF" to no avail. (Doc. 22 at PAGEID 108). Plaintiff alleges that SOCF's failure to transfer him is in "retaliation for plaintiff filing his lawsuit on the SOCF staff. That's what all of these issues are revolving around is

retaliation from this lawsuit." (*Id*.). Plaintiff also alleges that two months after filing his lawsuit, he was "slammed face first into the floor, while in hand-cuffs and shackles, and then had his arm and wrist twisted all the way to J2 [segregation]. . . . This was also retaliation for the civil suit." (*Id*. at PAGEID 109).

In opposition to plaintiff's motion, defendant argues that the "mental health staff at SOCF have made efforts to place the Plaintiff on the mental health caseload but the Plaintiff has chosen to opt out of receiving regular mental health assistance as an active participant on the mental health caseload." (Doc. 21 at PAGEID 105). Defendant further argues that contrary to plaintiff's allegations, "a Warden does not have the authority to unilaterally order a transfer of an inmate." (*Id*. at PAGEID 104, citing Ohio Admin. Code. § 5120-9-21). Defendant contends that "[u]nder this policy, an incarcerated individual has no right to receive a transfer, and one may only be granted when it serves a legitimate penological reason. Thus, the final determination for an interinstitutional transfer of an inmate is made by the Bureau of Classification, not the Warden." (*Id*.).

As best the Court can discern, plaintiff seeks an injunction ordering his transfer to a different prison pending the disposition of this lawsuit. The Court construes plaintiff's motion as one seeking a preliminary injunction. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1.  Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2.  Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3.  Whether an injunction will cause others to suffer substantial harm; and

4.  Whether the public interest would be served by a preliminary injunction.

2

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case.

Plaintiff has made no attempt to apply the above factors to his situation. He alleges that he has experienced serious retaliation and threats since the filing of this lawsuit. He further alleges that prison staff are not helping plaintiff manage his mental health conditions, such as giving him his seizure medication. These conclusory, unsworn allegations[1] do not establish a substantial likelihood of success on the merits of his underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for a transfer, which the Court construes as a motion for a preliminary injunction (Doc. 20), be **DENIED**.

## II. Plaintiff's motion for various forms of relief (Doc. 9)

Plaintiff states that the mail room at SOCF opens and copies legal mail without plaintiff being present. (Doc. 9 at PAGEID 56). Plaintiff requests that a "control number" be placed on his incoming mail so that he would "have to sign for it, and it has to be opened in front of me and NOT copied, and so I can respond within my deadlines." (*Id*. at PAGEID 56-57). Plaintiff's request is denied. Plaintiff fails to allege any Constitutional violation as a result of SOCF's mailroom policy or point to any evidence why a control number is required in these specific circumstances. *See, e.g., Whitman v. Gray*, No. 5:19-cv-1818, 2022 WL 621553 (N.D. Ohio Mar. 3, 2022) (denying the petitioner's motion for an order of protection requiring the Ohio Department of Rehabilitation & Correction staff to open his legal mail in front of him and ordering ODRC staff to stop its policy of copying his legal mail). *See also Allah v. Smith*, No.

---

[1] In support of his motion, plaintiff attaches several documents (Doc. 23), which plaintiff alleges "contains 8 pages of evidence . . . that supports all the facts plaintiff is speaking of." (Doc. 22 at PAGEID 110). This documentation, however, is largely irrelevant to plaintiff's motion before the Court. This documentation consists of several kites to various SOCF personnel where plaintiff seeks a transfer to Toledo Correctional Institution. (Doc. 23). However, nothing in these documents establishes a substantial likelihood of success on the merits of his underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction.

2:22-cv-21, 2022 WL 16832626, at *3 (S.D. Ohio Nov. 9, 2022) (denying the plaintiff's motion for reconsideration for preliminary injunction because "although SOCF's screening of [the] Plaintiff's legal materials may temporarily interfere with [the] Plaintiff's ability to access certain requested legal materials, there is no evidence indicating that such interference impinges upon his First Amendment rights without serving a legitimate penological interest"). Accordingly, plaintiff's request that a "control number" be placed on his incoming mail is **DENIED**.

Within this motion, plaintiff alleges that he was thrown into a cell with no mat or property for seven days after plaintiff received notice that his lawsuit on SOCF staff and the Warden was filed. (Doc. 9 at PAGEID 56). Plaintiff alleges that this "was a[n] act of 'retaliation' for using my [E]ighth Amendment right." (*Id.*). To the extent plaintiff alleges violations of his constitutional rights, plaintiff's unrelated claims must be addressed in a separately filed new civil rights complaint and not by including these allegations within a motion to the Court.

Plaintiff next states that he mailed several documents, i.e., a copy of the informal complaint, notification of grievance, and the institutional inspector's response, to the Columbus division of the Court on April 12, 2022. Plaintiff asks if these documents were received by this Court. (Doc. 9 at PAGEID 57). The Court notes that these stated documents were received by the Clerk of Court and docketed as Doc. 8.

Within this motion, plaintiff asks the Court for a "temporary transfer ANYWHERE else in Ohio at least until this lawsuit is over. . . ." (Doc. 9 at PAGEID 57). In support, plaintiff alleges that he is "still receiving multiple threats, being harassed by staff, [and his] property is being destroyed." (*Id.*). Plaintiff has presented no evidence in support of his motion. Accordingly, for the reasons stated above in connection with plaintiff's motion for preliminary

injunction/temporary restraining order, plaintiff's request for a temporary transfer should be **DENIED**.

### III. Plaintiff's motion to waive and set aside Court costs and filing fees (Doc. 10)

In this motion, plaintiff requests that the Court waive and set aside Court costs and filing fees. (Doc. 10). Plaintiff argues that following the filing of this lawsuit, SOCF took plaintiff's initial filing fee and continues "to take anything that's put on my account leaving me NOTHING to buy hygiene or anything with." (*Id*. at PAGEID 59). Plaintiff alleges that this conduct "is a form or retaliation against me for exercising my Eighth Amendment rights." (*Id*. at PAGEID 62).

Under the Prison Litigation Reform Act ("PLRA"), the moment a prisoner files his complaint with the Court, he becomes "responsible for the filing fee" and "waive[s] any objection to the withdrawal of funds from his trust fund account to pay court fees and costs." *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("by filing the complaint . . ., the prisoner waives any objection to the fee assessment by the district court" and "to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs").[2]

The PLRA does not allow for the cancellation of a prisoner's obligation to pay the full filing fee after the complaint is filed. *See Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event an appeal is withdrawn. That is not surprising, since a

---

[2] It is noted that *McGore* was overruled in part on other grounds by the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), and the Sixth Circuit in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). The citations to *McGore* are proper because they do not pertain to the issues addressed in either *Jones* or *LaFountain*.

congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation and citation omitted); *see also Ippolito v. Buss*, 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003) (pointing out that the PLRA does not contain exceptions to or exemptions from the requirement that prisoners bear the cost of the full filing fee). *Cf. Watley v. Parks*, No. 1:01-cv-622, 2013 WL 3467044, at *1 (S.D. Ohio July 9, 2013) (Bowman, M.J.) (Report & Recommendation) (citing *Goins* in a "long-closed" case as support for denying the prisoner-plaintiff's motion for relief from the Court's previous Order to pay the full filing fee as required by the PLRA), *adopted*, 2013 WL 3934345 (S.D. Ohio July 30, 2013) (Beckwith, S.J.).

In accordance with Second Circuit precedent, the Sixth Circuit has held that "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated." *McGore*, 114 F.3d at 612-13 (citing *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2nd Cir. 1996)). "After release, the obligation to pay the remainder of the fees is to be determined [by the district court] solely on the question of whether the released individual qualifies for pauper status" as a non-prisoner. *Id.* at 613; *see also Smith v. City of Chattanooga*, No. 1:10-cv-206, 2010 WL 5257238, at *1 (E.D. Tenn. Dec. 17, 2010).

At this juncture, plaintiff, who remains incarcerated, is obligated to pay the filing fee by making monthly installment payments to the Court until he has satisfied the full amount due. 28 U.S.C. § 1915(b)(2) provides in pertinent part:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> The PLRA contains no language suggesting that the courts have authority or any

discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in that statutory provision. *Cf. Ippolito*, 293 F. Supp. 2d at 883 ("there is nothing [in § 1915(b)(2)] suggesting that the court may depart from the explicit language of the statute [or] that a prisoner may deviate from the payment schedule, or that a court may . . . defer a prisoner's payment until he is released from custody"). Indeed, as the district court in *Ippolito* pointed out, "deferring the required payments until after a prisoner has been released from prison would destroy the purpose of the statute." *Id*. "[E]nsuring payment of the full amount of filing fees is much easier while a prisoner is in custody and has a prisoner's trust account[;] it is not so simple once a prisoner has been released," particularly given that he may qualify at that point for exemption as a pauper from any further obligation to satisfy the full amount due.

Accordingly, the Court concludes that it lacks discretion to grant the relief requested by plaintiff in his motion. Therefore, plaintiff's motion to waive and set aside Court costs and filing fees (Doc. 10) is **DENIED**.

Within this motion, plaintiff alleges that he is being harassed by all staff members and denied medical treatment and medication for his seizures. (*Id*. at PAGEID 62). Plaintiff further alleges that he is being placed in handcuffs and shackles to the point he is bleeding. (*Id*.). To the extent plaintiff alleges violations of his constitutional rights, plaintiff's unrelated claims must be addressed in a separately filed new civil rights complaint and not by including these allegations within a motion to the Court. Moreover, to the extent that plaintiff is seeking a preliminary injunction/temporary restraining order based on these allegations, plaintiff has presented no evidence in support of his request. Accordingly, for the reasons stated above in connection with plaintiff's motion for preliminary injunction/temporary restraining order, plaintiff's request should be **DENIED**.

**IV. Plaintiff's motion for the appointment of counsel (Doc. 11)**

Plaintiff requests the appointment of counsel to "help me with the following stages of this lawsuit." (Doc. 11). Plaintiff alleges he has no means of income or any family to help him to hire a lawyer to assist him with this case. Plaintiff further alleges that he needs court appointed counsel because he has no knowledge or experience in the law, and he is confused on the next steps and stages of the proceedings.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motion for the appointment of counsel (Doc. 11) is therefore **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for a control number to be placed on his incoming mail (Doc. 9) is **DENIED**.

2. Plaintiff's motion to waive and set aside Court costs and filing fees (Doc. 10) is **DENIED**.

3. Plaintiff's motion for the appointment of counsel (Doc. 11) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motions for transfer and other preliminary injunctive relief (Docs. 9, 10, 20) be **DENIED**.

Date: 11/30/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL H. GLENN,
    Plaintiff,

vs.

C/O BASHAM, et al.,
    Defendants.

Case No. 1:22-cv-202
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof.  This period may be extended further by the Court on timely motion by either side for an extension of time.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).