UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL H. GLENN,<br>    Plaintiff, | Case No. 1:22-cv-202<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| C/O BASHAM, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendant Southern Ohio Correctional Facility ("SOCF") Correctional Officer Tim Basham ("Basham" or "defendant") used excessive force against him in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 5). This matter is before the Court on defendant's motion to dismiss (Doc. 15) plaintiff's response in opposition (Doc. 17), and defendant's reply memorandum (Doc. 18).

**I. Background**

Plaintiff alleges the following facts in his complaint: On March 9, 2022, the date the alleged incident occurred, plaintiff was an inmate at SOCF. (Doc. 5). On this date, he ended a term of mental health observation initiated after plaintiff attempted to hang himself. (*Id*. at PAGEID 12). Plaintiff claims that he requested clothing from both Basham and another SOCF Correctional Officer. According to plaintiff, Basham told him, "No, I'll give you clothes when I dress you out tomorrow." (*Id*.). Plaintiff further alleges that Basham called him several derogatory names and said plaintiff was lucky Basham was not working at the time of the suicide attempt, stating "he would have made sure [plaintiff] was dead." (*Id*.).

Plaintiff indicates that Basham's comments angered him, so plaintiff "kept flushing [his] toilet until it overflowed." (*Id*.). According to plaintiff, Basham responded by opening the cell's

handcuff port, spraying an entire can of OC spray[1] in plaintiff's face, and turning off his water. Plaintiff further alleges that Basham subsequently opened the handcuff port a second time and sprayed plaintiff in the genitals with his partner's OC spray. Plaintiff alleges that the incident resulted in "the worst pain I have ever felt in my entire life." (*Id.*).

## II. Standard of review

Defendant moves the Court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 15). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft*, 556 U.S. 662, 678. "Put another way, bare assertions of legal conclusions are not

---

[1] The Court understands plaintiff's allegations concerning the use of "OC spray" to mean Oleoresin Capsium pepper spray—a chemical agent used by SOCF correctional officers.

sufficient." *Sollenberger*, 173 F. Supp. 3d at 618. And, "[t]o survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough." *Id*. at 617.

The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

It is well settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. Analysis**

Plaintiff alleges that defendant used excessive force against him in violation of the Eighth Amendment's prohibition against cruel and unusual punishment by spraying him with OC spray on two separate occasions. (Doc. 5). In the motion to dismiss, defendant argues that plaintiff fails to state a plausible excessive force claim against defendant because plaintiff's "allegations suggest no more than a de minimis use of force used to restore order." (Doc. 15). Defendant argues that plaintiff was sprayed with OC in reaction to plaintiff flushing his toilet until it

3

overflowed. (*Id*. at PAGEID 82). Defendant contends that defendant "used the OC spray in a good faith attempt to counteract a perceived threat and to restore order based on Plaintiff's conduct." (*Id*.). Defendant seeks qualified immunity based on plaintiff's allegations on the basis that defendant did not violate plaintiff's Eighth Amendment rights because plaintiff "failed to sufficiently plead the subjective component of the Eighth Amendment analysis." (*Id*. at PAGEID 85). Defendant also argues that plaintiff's official capacity claims against defendant are barred by the Eleventh Amendment. (*Id*. at PAGEID 83-84).

     A convicted prisoner's right to be free from the use of excessive force by prison officials is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both objective and subjective components. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The subjective component focuses on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In making this inquiry, the Court should consider the need for the use of force, the relationship between that need and the type and amount of the force used, the threat reasonably perceived by the official, the extent of the injury inflicted, and "any efforts made to temper the severity of a forceful response." *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

     The objective component requires the "pain inflicted to be 'sufficiently serious'" and to offend "'contemporary standards of decency.'" *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Hudson*, 503 U.S. at 8). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id*. at 580-81 (citing

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id*. at 581 (quoting *Hudson*, 503 U.S. at 9).

In this case, construing the facts alleged by plaintiff in the light most favorable to him as the Court must do on a motion to dismiss, plaintiff's complaint states a claim for relief under the Eighth Amendment for an excessive use of force. Plaintiff admits that he flushed his toilet until it overflowed which prompted defendant to spray plaintiff in the face with OC spray and turn plaintiff's water off. However, the gravamen of plaintiff's excessive use of force claim stems from what happened to plaintiff after his water was turned off.[2] Plaintiff's complaint alleges that after his water was turned off and after plaintiff was sprayed with OC spray in his face, defendant subsequently opened "the tray/cuff port a second time, and unload[ed] his partner's can of O.C. directly at my penis/private area." (Doc. 5 at PAGEID 33). Plaintiff alleges that the incident resulted in "the worst pain I have ever felt in my entire life." (*Id.*).

Even if plaintiff committed a violation as a result of flooding his toilet, plaintiff states a plausible claim for relief for excessive use of force concerning defendant's actions after the apparent need for force had subsided. After plaintiff's water was turned off and he was sprayed with OC spray, there are no allegations that plaintiff was recalcitrant. Nor are there any allegations that plaintiff was unruly, struggling, or posed a threat to the defendant. Therefore,

---

[2] Plaintiff explains that the reason for filing this lawsuit is "not because I got sprayed with O.C. the first time for overflowing my toilet, it's becaus[e] this officer, had to take his partners can of O.C. because he ran out on my face, that wasn't enough for him, he had to make sure I suffered." (Doc. 17 at PAGEID 90). Plaintiff states, "[t]he first time C/O Basham sprayed me, may be justified because plaintiff was committing a rule violation, but how do they justify the second time spraying him for seeking medical attention?" (*Id*. at PAGEID 91).

5

the allegations that defendant's use of force, which occurred after plaintiff's water was turned off and after he was sprayed with OC spray, gives rise to an inference that more force was used than necessary and that the force used by defendant was applied maliciously and sadistically to cause harm. In the absence of any allegations that plaintiff continued to be disruptive or posed any threat to defendant, defendant's conduct in grabbing his partner's can of OC spray and spraying it directly at plaintiff's genital area after plaintiff's water was turned off, gives rise to an inference that defendant's use of force was not applied in good faith effort to maintain or restore discipline, but rather to cause harm. Plaintiff has also pled sufficient facts to satisfy the objective component of an Eighth Amendment excessive force claim. Plaintiff has alleged that as a result of the OC spray application, he suffered "the worst pain I have ever felt in my entire life." (Doc. 5 at PAGEID 33). The Supreme Court has consistently rejected the notion that a serious injury is a threshold requirement for stating an excessive force claim. *Wilkins*, 559 U.S. at 34 (citing *Hudson*, 503 U.S. at 7).

These allegations are sufficient to satisfy both the objective and subjective components of plaintiff's Eighth Amendment excessive force claim against Basham. *See Hudson*, 503 U.S. at 7; *Williams*, 631 F.3d at 384 (the plaintiff stated a valid excessive force claim when he "allege[d] that, when instructed to 'pack up,' he inquired, 'What for, sir?,' at which point an 'assault team' entered the cell and used a chemical agent on him."). Accordingly, plaintiff states a plausible claim for relief for excessive use of force against defendant.

Defendant is not entitled to qualified immunity on plaintiff's Eighth Amendment excessive use of force claim. Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

6

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). "In determining whether qualified immunity applies, the court employs a two-part test, asking (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citations and quotation and alteration marks omitted). As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment. In addition, it is clearly established that "the unprovoked use of pepper spray on a prisoner who is not causing any disturbance" is a constitutional violation. *Batson v. Hoover*, 355 F. Supp. 3d 604, 615 (E.D. Mich. 2018), *aff'd*, 788 F. App'x 1017 (6th Cir. 2019) (citing *Roberson v. Torres*, 770 F.3d 398, 407 (6th Cir. 2014)). Accordingly, defendant's request for qualified immunity on plaintiff's excessive use of force claim should be denied.

Defendant argues that plaintiff's "official capacity claims" against defendant are barred by the Eleventh Amendment. (Doc. 15 at PAGEID 83) (citing cases). Defendant contends that plaintiff's claims against defendant "in his official capacity must be dismissed because he is absolutely immune from suit." (*Id*. at PAGEID 84). There are no allegations in the complaint that plaintiff wishes to hold defendant liable in his official capacity. (*See* Doc. 5). However, to be sure, the complaint should be dismissed as to defendant in his official capacity to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to

actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945).  A suit against defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which defendant is an agent, i.e., the State of Ohio.  *Monell*, 436 U.S. at 690.  Thus, an action against defendant in his official capacity is included in this bar.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, defendant is immune from suit in his official capacity to the extent that plaintiff seeks monetary damages.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 15) be **GRANTED IN PART and DENIED IN PART**.  The Court recommends that defendant's motion to dismiss plaintiff's claim against defendant in his official capacity should be **GRANTED**.  Defendant's motion to dismiss (Doc. 15) should be **DENIED** in all other respects.

Date: 11/30/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL H. GLENN,
    Plaintiff,

vs.

C/O BASHAM, et al.,
    Defendants.

Case No. 1:22-cv-202
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).