UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL H. GLENN,<br>    Plaintiff, | Case No. 1:22-cv-202<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| C/O BASHAM, et al.,<br>    Defendants. | ORDER AND REPORT<br>AND RECOMMENDATION |

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendant Southern Ohio Correctional Facility ("SOCF") Correctional Officer Tim Basham ("defendant") used excessive force against him in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 5). This matter is before the Court on plaintiff's motion for the appointment of counsel (Doc. 40), defendant's response in opposition (Doc. 43), plaintiff's motion to submit evidence (Doc. 33), and defendant's response in opposition (Doc. 34).

**I. Plaintiff's motion for the appointment of counsel (Doc. 40).**

Plaintiff requests the appointment of counsel due to "him being indige[]nt, and at a very critical stage of this case." (Doc. 40). Defendant argues in opposition that no exceptional circumstances exist in this case, and plaintiff "fails to allege circumstances, exceptional or otherwise, that exist in this case beyond the fact that he is indigent and would like to seek documents, but claims he cannot do so without counsel." (Doc. 43). The Court previously denied plaintiff's motion for the appointment of counsel in this matter. (Doc. 24).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The

appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motion for the appointment of counsel (Doc. 40) is therefore **DENIED**.

## II. Plaintiff's motion to submit evidence (Doc. 33).

In his motion to submit evidence, plaintiff requests the Court's intervention in seeking documentation from defendant. (Doc. 33). Plaintiff states that "he has made every attempt to get copies of medical files, and video survailance (sic) of the incident" that is relevant to the instant matter. (*Id*. at PAGEID 163). Plaintiff contends he "made efforts to every department at this institution (SOCF) to obtain medical files, as well as video footage of the three officers body cams, as well as the video of the incident. Only to be denied by every department." (*Id*.).

Defendant argues that plaintiff's motion should be denied because plaintiff "made the discovery requests from the institutional departments, not to the counsel for Defendant" and "[n]on-parties to a lawsuit are not obligated to respond to requests for discovery." (Doc. 34). Defendant contends that plaintiff "has failed to even make one request to counsel for Defendant" for the evidence at issue in this matter. (*Id*. at PAGEID 171). Defendant argues that "[s]ince Plaintiff has neither provided a certification, nor has he exhausted extrajudicial means to resolve the dispute, the Motion must be overruled in its entirety." (*Id*.).

To the extent plaintiff seeks the Court's assistance in obtaining discovery from defendant

2

or to compel defendant to produce certain documents, plaintiff failed to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1.

There is no indication from plaintiff's motion that he first served a request for this discovery on defendant through defendant's counsel pursuant to Fed. R. Civ. P. 34, that defendant refused to comply with such request, or that the parties attempted to resolve any dispute prior to the filing of the motion. In addition, before plaintiff may file any motions in Court seeking to compel discovery, he must contact counsel for defendant in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendant's counsel (such as writing a letter to defendant's counsel) after he fails to receive an initial response to his discovery request. Plaintiff must include in any motion to compel discovery a certification setting forth the extrajudicial means which have been attempted to resolve differences. Because plaintiff failed to do so in this case, his motion requesting discovery from defendant (Doc. 33) is **DENIED**.

Within plaintiff's motion to submit evidence (*Id.*), plaintiff appears to seek an injunction ordering his transfer to a different prison pending the disposition of this lawsuit. The Court construes plaintiff's request as one seeking a preliminary injunction. The Court previously denied plaintiff's motion for a transfer, which the Court also construed as a motion for a preliminary injunction. (Docs. 24, 27).

Plaintiff states that his "safety and well being are not being addressed properly in regard to his claim and mental health status, in which a transfer IS NEEDED to ensure such." (Doc. 33 at PAGEID 167) (emphasis in original). Plaintiff contends that staff at SOCF and counsel for defendant are "ma[king] things up to try to cover up the truth and facts." (*Id.*).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
>
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> 3. Whether an injunction will cause others to suffer substantial harm; and
>
> 4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. LexingtonFayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir.

2003), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. He alleges that his safety and well-being are not being addressed properly. (Doc. 33 at PAGEID 167). Plaintiff further alleges that staff at SOCF and counsel for defendant are "ma[king] things up to try to cover up the truth and facts." (*Id.*). These conclusory, unsworn allegations do not establish a substantial likelihood of success on the merits of his underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff

5

alleges. Accordingly, plaintiff's motion for transfer, which the Court construes as a motion for a preliminary injunction (Doc. 33), should be denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for the appointment of counsel (Doc. 40) is **DENIED**.

2. Plaintiff's motion to submit evidence (Doc. 33) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for transfer, which the Court construes as a motion for a preliminary injunction (Doc. 33), be **DENIED**.

Date: 9/23/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL H. GLENN,<br>    Plaintiff, | Case No. 1:22-cv-202<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| C/O BASHAM, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).